**UNITED STATES of America,**
**Appellee,**

v.

**Wilson SIMON, Appellant.**

**No. 73–1601.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1973.

Decided Nov. 19, 1973.

Rehearing and Rehearing En Banc Denied
Dec. 21, 1973.

Wilson Simon, pro se.

Robert G. Renner, U. S. Atty., and Neal J. Shapiro, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, LAY, and HEANEY, Circuit Judges.

PER CURIAM.

Defendant Wilson Simon was found guilty of violating 26 U.S.C. § 4705(a) and not guilty of violating 21 U.S.C. § 331(q)(2). The Honorable Earl R. Larson, United States District Judge, District of Minnesota, originally sentenced defendant to fifteen years imprisonment, and defendant's conviction was upheld by this court. United States v. Simon, 453 F.2d 111 (8th Cir. 1971).

Defendant now claims in this proceeding contesting the validity of his sentence that his fifteen year sentence was

improper, since it was purportedly based on a presentence report that contained a record of juvenile convictions for which he allegedly did not have counsel.

Defendant filed two *pro se* motions in the District Court urging what he termed a "reconsideration of his constitutionally impermissible sentence." In reviewing the sentencing of defendant upon these *pro se* motions, Judge Larson stated in his order that he did in originally sentencing "refer to various kinds of criminal activity over a seven year period when defendant was 15 to 22 years of age * * *." Judge Larson continued by explaining in his order denying the defendant's *pro se* motions that the fifteen year sentence, which was five years less than the maximum, was prompted by a serious violation of the law, trafficking in the sale of cocaine in a substantial way. Judge Larson concluded that a "hearing would be an exercise in futility", because "[a]ssuming that the defendant's claims as to lack of counsel in the juvenile proceedings or in any other proceedings antedating the 1971 imposition of sentence are true, this Court [the District Court] would not modify the 15 year penalty imposed." Defendant appeals *pro se* from the denial of his motions by the District Court.

United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and three recent Eighth Circuit cases resolved defendant's argument. We have recognized that *Tucker* requires resentencing "where prior constitutionally invalid state convictions may have enhanced the punishment allocated by a federal judge in a subsequent criminal case * * *." Young v. United States, 485 F.2d 292 (8th Cir. 1973); *accord*, Ryan v. United States, 485 F.2d 295 (8th Cir. 1973). However, dismissal of defendant's *pro se* motions for resentencing was proper, since the District Court reconsidered the original sentencing and held that the fifteen year sentence was not based on allegedly invalid convictions and that the sentence would not be modified even if those convictions were constitutionally infirm. A remand for resentencing under these circumstances is improper. Young v. United States, *supra;* Ryan v. United States, *supra;* McAnulty v. United States, 469 F.2d 254, 256 (8th Cir. 1972), cert. denied, 411 U.S. 949, 93 S.Ct. 1933, 36 L.Ed.2d 411 (1973).

A presentence report may include convictions that prove to be constitutionally infirm, but nevertheless such a report should be complete in listing a defendant's prior history of convictions. The mentioning of prior convictions that may be constitutionally invalid in sentencing a defendant does not necessarily mean that resentencing is demanded. Here the District Court has reconsidered defendant's sentence and held that even if the contested convictions are constitutionally invalid, the fifteen year original sentence would not be modified. Dismissal of defendant's motion to resentence was, therefore, proper.

The District Court is affirmed.