**Andre WILLIAMS**

v.

**UNITED STATES of America.**

**Civ. A. No. 74–585.**

United States District Court,
E. D. Pennsylvania.

Sept. 4, 1974.

Defender Association, Philadelphia, Pa., for plaintiff.

Susan Harmon, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

VanARTSDALEN, District Judge.

On April 15, 1969, Andre Williams was sentenced by the late Honorable Harold K. Wood on two separate armed bank robbery charges after defendant

**504**

entered pleas of guilty. The sentences were for fifteen years and ten years to run consecutively. Subsequently, an informal application for reduction of sentence was denied. Approximately two years after being sentenced, Mr. Williams filed a motion to set aside the pleas of guilty pursuant to 28 U.S.C. § 2255 asserting that the court in accepting the plea failed to comply with the requirements of Fed.R.Cr.P. 11. That motion was denied.

Andre Williams has now filed another petition pursuant to 28 U.S.C. § 2255, alleging in effect that the sentencing judge, in imposing sentence, considered the presentence report prepared by the probation department. That report showed a state court conviction in 1959 in Baton Rouge, Louisiana for automobile theft and a sentence imposed of four years' imprisonment. Petitioner contends that this conviction was invalid because he was not represented by counsel, and did not waive his right to counsel. Attached to the petition is what purports to be an extract of the records of the Louisiana conviction.

Petitioner seeks only to vacate the sentence and be resentenced after the court obtains an updated presentence report.

Gideon v. Wainwright, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) forever laid to rest any doubt that an indigent defendant has an absolute fundmental constitutional right to be represented by counsel, whether the prosecution be in state or federal court, in all crimes wherein a substantial jail sentence might be imposed. The rule of Gideon v. Wainright is fully retroactive regardless of when the conviction obtained. Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963); Palumbo v. State of New Jersey, 334 F.2d 524 (3d Cir. 1964). The doctrine fully applies to entry of guilty pleas. Palumbo v. State of New Jersey, *supra.* All petty and minor offenses come within the constitutional protection if there is the prospect of imprisonment for however short a time. Argersinger v. Ham-

lin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530 (1972). The only exception is if there is a "knowing and intelligent" waiver of the right to counsel. Argersinger v. Hamlin, *supra* at 37, 92 S.Ct. 2006.

Thus, it is clear that if petitioner's allegations are factually correct, his conviction in Louisiana was constitutionally invalid. The attached purported transcript makes no reference to counsel or a waiver of counsel. "Presuming waiver of counsel from a silent record is impermissible." Burgett v. Texas, 389 U.S. 109, 114–115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967). *Burgett* also held that a conviction obtained in violation of Gideon v. Wainwright to either support guilt or enhance punishment for another offense would be likewise invalid. *Burgett, supra* at 115, 88 S.Ct. 258. *Burgett* likewise is fully retroactive. Loper v. Beto, 405 U.S. 473, 484, n. 13, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).

United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), presented almost the precise question that is before me, except that it was clear in *Tucker* that the sentencing judge gave explicit consideration to the prior constitutionally invalid state court conviction. In the present case, there is some ambiguity from the sentencing transcript. The sentencing judge said twice that he was basing his sentence on the existing charges and the presentence report. He did not specifically refer to the alleged invalid conviction, but it was prominently included in the presentence report, and therefore apparently one of the factors considered.

Since United States v. Tucker, three decisions of the Eighth Circuit Court of Appeals all decided in 1973 have refused to vacate a sentence where the record establishes that, in fact, the sentencing judge in no way relied on the invalid prior conviction in determining the length of sentence to be imposed. Young v. United States, 485 F.2d 292; Ryan v. United States, 485 F.2d 295;

United States v. Simon, 488 F.2d 1094. In each of these cases, however, there was an affirmative statement of record by the sentencing judge. In the present case, because of the death of Judge Wood, this is not possible, and as indicated, it is uncertain whether he did or did not rely on the prior conviction shown in the presentence report, and whether had he been advised of the constitutional infirmity of the conviction it would have altered the sentence.

This case points up an inherent danger in relying in anyway upon prior records in presentence reports. Here, the presentence report is factually accurate, but of course would not reveal that defendant was not represented by counsel. Even asking the defendant about his prior record may not always establish the constitutional invalidity of such a prior conviction. Of course, if the rationale of the Eighth Circuit is applied, a sentencing judge could always say he is not relying on the prior record if advised of the infirmity of the conviction. Logically, the only "failsafe" procedure would be the elimination of the prior record from all presentence reports. This would certainly be a march in reverse. The only practical answer may be to merely consider each individual case, if and when an application such as the present one is made, and insofar as possible determine the constitutional validity of the prior convictions relied upon at the sentencing hearing.

28 U.S.C. § 2255 states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Whether or not, this petition could be summarily dismissed because of a prior § 2255 petition filed by Andre Williams, I would not summarily dismiss such a non-frivolous § 2255 petition that raises substantial constitutional issues not previously decided, unless mandated by controlling authority.

There has not been presented a properly authenticated record of the prior conviction. The government does not concede that petitioner's factual allegations are necessarily true. The government may also seek to establish a knowing and intelligent waiver of the right to counsel at the prior proceeding. Thus, a hearing affording both the petitioner and the government an opportunity to present evidence and argument is appropriate.