**Richard Lee KNIGHT, Appellant,**

**v.**

**WARDEN, UNITED STATES PENITENTIARY, LEAVENWORTH, KANSAS, Appellee.**

**No. 78–1436.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 26, 1978.

Decided Oct. 2, 1978.

Lawrence J. Fleming of London, Greenberg & Fleming, St. Louis, Mo., filing brief, for appellant.

Robert D. Kingsland, U. S. Atty., and Mitchell F. Stevens, Asst. U. S. Atty., St. Louis, Mo., filing brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Appellant Richard Lee Knight brings this appeal from the district court's[1] denial

---

**1.** The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

without a hearing of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. We affirm.

On January 6, 1976, Knight was convicted by a jury of possessing goods stolen from an interstate shipment in violation of 18 U.S.C. § 659. He was sentenced to a term of six years in prison. On appeal the conviction was reversed and remanded for a new trial because evidence of a similar crime was improperly admitted. *United States v. Knight,* 535 F.2d 1059 (8th Cir. 1976). Thereafter, Knight was retried and the conviction was affirmed on appeal. *United States v. Knight,* 547 F.2d 75 (8th Cir. 1976). He again received a sentence of six years.

Knight has subsequently filed three motions to reduce his sentence under Fed.R. Crim.P. 35. These motions, filed March 10, 1977, June 6, 1977, and June 17, 1977, all were denied.

■ In his motion to the district court to correct sentence pursuant to 28 U.S.C. § 2255, the denial of which led to this appeal, Knight alleged that his sentence had been imposed on the basis of an erroneous and misleading presentence report. In support of his argument Knight attempts to explain the circumstances surrounding three previous arrests which did not result in convictions but were included in the presentence report. There is nothing in the record to indicate that these arrests influenced the court in determining the sentence to be imposed on Knight. Consequently, no useful purpose would be served by remanding for resentencing.

■ Knight also claims that the presentence report contained misleading information concerning an earlier conviction. He alleges that the presentence report stated that he was charged with assault with intent to do great bodily harm and that he received a sentence of six months in jail and two years probation. Knight contends that he was actually charged with common assault and that he was placed on two years probation but did not receive a jail sentence. The government contends it is sig-

nificant that this latter alleged inaccuracy was brought to the district court's attention in Knight's Rule 35 motions filed on June 6 and 17, 1977. This contention overlooks the fact that by June 6, 1977, more than 120 days had passed since the mandate in the case had issued, and therefore the district court lacked jurisdiction to act on a Rule 35 motion. However, the section 2255 motion was also presented to the sentencing judge, and from his denial it may be inferred that he would not have imposed a different sentence even if the allegations were true. Thus, a remand for resentencing would serve no useful purpose. *See Peterson v. United States,* 493 F.2d 478, 480 (8th Cir. 1974); *United States v. Simon,* 488 F.2d 1094, 1095 (8th Cir. 1973).

■ Knight also argues on this appeal that the district court erred in not making available to him a copy of the presentence report prior to sentencing. Under Fed.R. Crim.P. 32(c)(3) the district court upon request shall permit the defendant or his counsel to read the presentence report or, under certain circumstances, in lieu thereof the court must state orally or in writing a summary of the factual information in the presentence report relied on in determining sentence. In the present case neither Knight nor his counsel requested prior to sentencing that they be given the opportunity to examine the presentence report. In the absence of such a request a district court does not have the affirmative duty to disclose the contents of the report. Therefore, Knight's argument is without merit.

■ The final issue raised on this appeal is that the district court was influenced by erroneous information in imposing sentence. Specifically, Knight claims that an FBI agent told the sentencing judge that Knight was a "fence" and engaged in prostitution. It is further claimed that it is likely that these unsubstantiated allegations were included in the presentence report and prejudiced the court. This argument is frivolous. We may assume that even if such statements had been made, the judge would have recognized the information as an opinion and not relied on it in

setting the sentence. *See United States v. Dace,* 502 F.2d 897, 900 (8th Cir.), *cert. denied,* 419 U.S. 1121, 95 S.Ct. 803, 42 L.Ed.2d 820 (1974).

Affirmed.