Robert WILLIAMS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 83–1253.

United States Court of Appeals,
Eighth Circuit.

Submitted June 27, 1983.

Decided July 7, 1983.

Robert Williams, pro se.

Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Robert Williams appeals the dismissal of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He was convicted of possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) and sentenced to fifteen years imprisonment, to be followed by a special parole term of five years. He argues that his sentence would be vacated because it was based on false and misleading information in the presentence report and that this was a gross constitutional violation. We affirm the action of the district court.[1]

Williams' conviction was affirmed by this court.[2] He thereafter filed a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure and this was denied. This motion to vacate sentence pursuant to 28 U.S.C. § 2255 followed. The matter was referred to a United States Magistrate. The magistrate's recommendation was filed and Williams filed timely objections to the report of the magistrate. The district court adopted the findings of the magistrate and denied relief.

Williams' argument centers upon his claim that in the presentence investigation report he was referred to as a "murderer" and a "major narcotics trafficker," from information furnished by the intelligence unit of the St. Louis Police Department. He also objects to statements in the presentence investigation report that his "previous paramour, Leana Love, was killed" in his

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. *United States v. Williams*, 623 F.2d 535 (8th Cir.1980).

848

home. He states that the location of her death was not his home, but only a house that he owned. The presentence report reflected that he had felony convictions for second-degree murder and assault with intent to kill, and guilty pleas to one count of possession of heroin and one count of possession of marijuana. At the time of sentencing Williams' counsel stated that he had examined the presentence report and that there was nothing he could add to it. Williams was addressed directly by the court and also stated that he had nothing to add.

■ District courts have wide discretion in making sentencing decisions. *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Orner v. United States,* 578 F.2d 1276, 1278 (8th Cir.1978). A sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker,* 404 U.S. at 446, 92 S.Ct. at 591; *Orner v. United States,* 578 F.2d at 1278; 18 U.S.C. § 3577 (1976). This court has specifically held that criminal activity for which the defendant has not been prosecuted can properly be considered by a sentencing judge. *United States v. Papajohn,* 701 F.2d 760 (8th Cir.1983).

■ The four earlier convictions justified the sentence imposed on Williams. The conclusions in the intelligence unit information were not needed to support the sentence.

Significantly, Williams' motion to vacate his sentence has already been reviewed and dismissed by the same district judge who originally sentenced him, Judge Nangle. This dismissal clearly suggests that Judge Nangle would *not* have imposed a different sentence even if Williams' allegations were true. Thus, a remand for resentencing would serve no useful purpose. *See Knight v. Warden, United States Penitentiary, Leavenworth, Kansas,* 583 F.2d 1071, 1073 (8th Cir.1978); *Peterson v. United States,* 493 F.2d 478, 480 (8th Cir.1974); *United States v. Simon,* 488 F.2d 1094, 1095 (8th

Cir.1973), *cert. denied* 417 U.S. 934, 94 S.Ct. 2647, 41 L.Ed.2d 238 (1973).

■ Williams did not make specific request that he be allowed to read the presentence report before sentence was imposed. Absent such a request, the district court has no affirmative duty to disclose the contents of the report to the defendant. *Knight v. Warden, United States Penitentiary, Leavenworth, Kansas,* 583 F.2d at 1072. We observe that effective August 1, 1983, Fed. R.Crim.P. 32(e) will require disclosure of the presentence report to defendant and counsel. The rule in this form was not in effect at the time of sentencing in this case.

We have carefully considered the arguments asserted by appellant Williams and the record in this case. We conclude that there are no findings of fact that are clearly erroneous, that there are no errors of law, and we affirm on the basis of the district court's order and the findings of the magistrate, which it adopted. See 8th Cir. Rule 14.

If there are inaccuracies in the presentence investigation report, this court has no power to make corrections. The action of this court is without prejudice to any rights Williams may have under 28 C.F.R. § 2.19(c). *See United States v. Lagrano,* 659 F.2d 17 (4th Cir.1981).