George Mansel CARPENTER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 83–1973.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1983.

Decided Nov. 14, 1983.

George W. Proctor, U.S. Atty., E.D. Ark. by Kenneth F. Stoll, Asst. U.S. Atty., Little Rock, Ark., for appellee.

George M. Carpenter, pro se.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

George Mansel Carpenter appeals the district court's [1] denial of his petitions for post conviction relief under 28 U.S.C. § 2255. He was convicted in 1976 of kidnapping in violation of 18 U.S.C. § 1201, and interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. He received a 40 year and 5 year sentence, to run consecutively. He argues that his sentences should be vacated or corrected because (1) he was denied an opportunity to review his presentence investigation report prior to the imposition of his sentence, (2) the report was inaccurate and incomplete, (3) the government failed to disclose favorable information prior to his sentencing, and (4) he received ineffective assistance of counsel at the time of his sentencing. Carpenter also contends that the inaccuracies in his presentence investigation report preclude him from receiving meaningful parole consideration. We affirm.

Carpenter argues that he should have been given an opportunity to read his presentence investigation report prior to imposition of his sentence. He made no specific request to see the report, however, and absent such a request the district court had no affirmative duty to disclose the con-

tents of the report to him. *Williams v. United States,* 711 F.2d 847, 848 (8th Cir. 1983); *Knight v. Warden, United States Penitentiary, Leavenworth, Kansas,* 583 F.2d 1071, 1073 (8th Cir.1978). Fed.R. Crim.P. 32(e) now requires disclosure of the presentence report to defendant and counsel, but did not do so at the time of Carpenter's sentencing.

Carpenter also argues that his presentence report is inaccurate because it omits information concerning his history of alcoholism. He contends that the Government purposely concealed this information from the sentencing judge, that had the judge known about his alcoholism he would have received a lighter sentence, and that the omission of this information from the report has hindered his parole eligibility. We have examined Carpenter's presentence report and have found that his drinking problem was mentioned three times. The section of the report discussing his health states that he consumes a large amount of vodka, and in the section discussing his marital history two of his ex-wives state that he was a heavy drinker. The sentencing judge had this information before him at the time sentence was imposed.

Carpenter further alleges that his appointed counsel was ineffective because he failed to investigate the facts fully, failed to disclose to the court certain relevant facts of which he had knowledge, and failed to request that a study be prepared on Carpenter's alcoholism prior to sentencing.

Carpenter does not demonstrate error in the following statements made by the district court in its judgment:

> The Court is of the opinion the petitioner received effective assistance of counsel. Further, he had the opportunity at sentencing to correct any inaccuracies in his presentence report.

To demonstrate ineffective assistance of counsel, Carpenter must show (1) that his attorney failed to exercise the cus-

---

1. The Honorable Oren Harris, United States Senior District Judge for the Eastern District of Arkansas.

tomary skills and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he suffered material prejudice as a result. *Langston v. Wyrick,* 698 F.2d 926, 930 (8th Cir.1982). A presumption exists that counsel is competent, and the petitioner bears a heavy burden in overcoming the presumption. *Harris v. Housewright,* 697 F.2d 202, 206 (8th Cir.1982). Carpenter's conclusory allegations are insufficient to rebut this presumption of competency.

Further it cannot be said that Carpenter's counsel failed to exercise customary skill and diligence in not requesting a study on Carpenter's alcoholism. Information concerning Carpenter's drinking problem was already included in the presentence report.

Carpenter's other arguments concerning the voluntariness of his guilty plea were not raised before the district court. We may not consider such issues. *See United States v. Gardner,* 579 F.2d 474, 476 (1978); *Little v. United States,* 524 F.2d 335, 337 (8th Cir.1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 326 (1975).

Accordingly, the district court's denial of the petitions for post conviction relief is affirmed.