**Bobby E. MAYNARD,
Petitioner-Appellant,**

v.

**Al HAVENSTRITE, et al.,
Respondents-Appellees.**

**No. 83–1504
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 19, 1984.

Bobby E. Maynard, pro se.

Mattie Peterson Compton, Asst. U.S. Atty., Fort Worth, Tex., for respondents-appellees.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This is an appeal from the district court's order dismissing Bobby Maynard's claims for declaratory, injunctive, mandamus and monetary damage relief under the Constitution and 28 U.S.C. §§ 1331, 1361, 1651 and 2201–02. Because we find that the district court properly dismissed his claim for damage relief and Maynard did not state a claim for equitable relief, we AFFIRM.

Maynard filed a *pro se* complaint against Al Havenstrite and Billy Johnson, individually and in their positions as Chief U.S. Probation Officer and as a U.S. Probation Officer, respectively, and against the Administrative Office of the U.S. Courts. Maynard is currently serving a ten year federal sentence for conspiring to distribute methaphetamine. He alleges that his presentence investigation report, PSR, which was prepared by Johnson contains inaccuracies and that he was not shown the report prior to sentencing. He also alleges that he has written Johnson, Havenstrite and the Administrative Office of the United States Courts but the report has not been corrected.

Maynard's concern is that the allegedly inaccurate PSR will be considered by the U.S. Parole Commission and by Federal Prison System officials at parole hearings and for transfers and general treatment while he is in prison. Maynard's concern is valid. In amending Fed.R.Crim.P. 32(c)(3)(D), effective August 1, 1983, the Advisory Committee on Rules noted that:

> [T]he Bureau of Prisons and the Parole Commission make substantial use of the presentence investigation report. Under current practice, this can result in reliance upon assertions of fact in the report in the making of critical determinations relating to custody or parole.

The district court granted the government's motion to dismiss which argued lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted. The district court found that it lacked personal or subject matter jurisdiction over any of the defendants, and that Maynard had failed to state a claim.

On appeal, Maynard contends that he did state a claim for injunctive relief against Havenstrite and Johnson. He does not here argue other issues that were before the district court and they are deemed abandoned. *See Fehlhaber v. Fehlhaber,*

681 F.2d 1015, 1030–31 (5th Cir.1982) (en banc) *cert. denied,* —— U.S. ——, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983); *Spaulding v. Nielsen,* 599 F.2d 728, 730 (5th Cir.1979). In any event, we find *infra,* that Maynard can still pursue these claims administratively. Failure to consider these issues will not result in a miscarriage of justice. *Fehlhaber v. Fehlhaber,* 681 F.2d at 1030.

■ Maynard argues that the complaint should not have been dismissed because Havenstrite and Johnson were not entitled to absolute immunity in an action seeking equitable relief. The district court concluded as a matter of law that:

> [Havenstrite and Johnson] enjoy absolute immunity in that these Defendants were acting under direction of the Court. Plaintiff has failed to state a claim against Havenstrite and Johnson upon which relief can be granted. *See Spaulding v. Nielsen,* 59[9] F.2d 728 (5th Cir. 1979).

This court in *Spaulding* held that federal probation officers are absolutely immune from a civil suit for damages based on alleged misconduct in investigation and preparation of a presentence report. *Spaulding v. Nielsen,* 599 F.2d at 729. While the district court correctly relied on *Spaulding* for the proposition that under these circumstances these officers are absolutely immune from damage liability, we explicitly noted that such officers "are not necessarily immune from an action for equitable relief." *Id.* at 729.

The district court's reliance on *Spaulding* concerning equitable relief is misplaced, but his ruling can be supported on another ground. *Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir.1981). Maynard has

ample administrative remedies to prevent harm due to the allegedly inaccurate PSR. In *United States v. Legrano,* 659 F.2d 17, 18 (4th Cir.1981) the Fourth Circuit refused to consider Legrano's claim that his parole possibilities would be prejudiced because of alleged inaccuracies in his PSR. The court noted that Legrano would have the opportunity to challenge the contents of the report through administrative avenues outlined in 28 C.F.R. § 2.19(c).[1] Section 2.19(c) allows the prisoner to contest the report at his parole hearing. *See also Williams v. United States,* 711 F.2d 847, 848 (8th Cir. 1983). Administrative recourse to the Bureau of Prisons is also open to a federal prisoner under 28 C.F.R. § 542.10 *et seq.,* which provides for "formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." § 542.10. Thus to the extent the allegedly inaccurate PSR affects his treatment in prison he has not exhausted his administrative remedies. In the face of these explicitly provided remedies the district court did not err in refusing Maynard's effort to invoke the general equitable power of the district court. *See Lewis v. Reagan,* 660 F.2d 124, 127 (5th Cir.1981). To do otherwise would only frustrate the remedial scheme.

AFFIRMED.

---

1. Section 28 C.F.R. 2.19(c) provides:

   The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. However, the Commission shall not consider in any determination, charges upon which a prisoner was found not guilty after trial unless reliable information is presented that was not introduced into evidence at such trial (e.g. a subsequent admission or other clear indication of guilt.)