779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL T. MILLER, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-3242
 United States Court of Appeals, Sixth Circuit.
 10/8/85
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Michael T. Miller is appealing the denial of his petition for habeas corpus relief, 28 U.S.C. Sec. 2255. The issues on appeal are whether his three year sentence for a conviction of conspiracy to manufacture methaqualone should be vacated because the sentencing judge relied upon false information in the presentence report. Further, he contends his right to parole is being violated because the parole commission is relying on false information in calculating his parole eligibility.
 
 
 3
 Miller was involved in a scheme to manufacture and sell methaqualone. The wrong chemicals, however, were purchased. According to testimony at trial, no drug could have been produced with the combination of chemicals purchased. The appellant, however, was convicted of conspiracy to manufacture methaqualone in violation of 21 U.S.C. Sec. 846 and received a three year sentence. The following statement is the questioned portion of the presentence report:
 
 
 4
 The Drug Enforcement chemist, Robert Krefft, was telephonically interviewed on August 29, 1983. He explained that the chemical bought by the defendants had the maximum capability of producing 273 pounds of methaqualone powder. Mr. Krefft noted that 273 pounds of methaqualone powder converts to approximately 412,000 dosage units (300 milligram quaalude tablet).
 
 
 5
 Miller contends he could not possibly have made 412,000 dosage units because he had the wrong chemicals. Thus, he asserts the sentence is void because the sentencing judge relied on the information.
 
 
 6
 When a claim of reliance upon false information is made, the sentence will be vacated if the information is false or unreliable and demonstrably made the basis for the sentence; in the context of a Sec. 2255 proceeding, the motion must be denied unless it affirmatively appears the court based its sentence on the improper information. Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir. 1978).
 
 
 7
 The contested information in this instance was not materially false. The alleged misinformation concerns the magnitude of the crime. Irrespective of the physical capability to make the drug, the appellant's culpability in the conspiracy remains the same. The object of the conspiracy was to produce a large volume of methaqualone and reap large profits. The viability of the sentence, as well as the conviction itself, is not influenced by the actual capability to make the drug.
 
 
 8
 Further, even if the presentence statement is considered materially erroneous, it does not affirmatively appear the court based its sentence on the information. A government witness, Mr. Krefft, testified that the erroneously purchased chemical could not be used to make methaqualone. Since this fact was at the very foundation of the conviction, it is apparent the court recognized the impossibility of manufacturing the drug.
 
 
 9
 The final contention concerns the allegation that the false information is adversely affecting appellant's parole status. This contention was not properly before the district court. The proper method of attacking the action of the parole commission is by filing a petition for writ of habeas corpus under 28 U.S.C. Sec. 2241. Wright v. United States Bd. of Parole, 557 F.2d 74 (6th Cir. 1977). Further, administrative remedies must be exhausted prior to challenging the parole commission's action in in court. Maynard v. Havenstrite, 727 F.2d 439 (5th Cir. 1984); United States v. Legrano, 659 F.2d 17 (4th Cir. 1981). It is not clear whether the appellant actually exhausted administrative remedies.
 
 
 10
 Accordingly, the motion for counsel is denied and the judgment of the district court concerning the sentencing issue is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. In regard to the parole issue, if the appellant wishes to challenge a parole commission action, he must exhaust administrative remedies and then may file a 28 U.S.C. Sec. 2241 action.