785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
JOHN P. FRANCE, Defendant-Appellant.
 84-3883
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 ORDER
 
 1
 BEFORE: ENGEL, KENNEDY and RYAN Circuit Judges.
 
 
 2
 This matter is before the Court upon the appellant's motion to consolidate and motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and memorandum in support, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 John P. France is appealing the district court judgment granting in part his motion for expungement, filed pursuant to Rule 32, Federal Rules of Criminal Procedure. He is presently incarcerated in a federal prison and seeks to delete a portion of the presentence report. The appellant pled guilty to a five count information, and he is serving a five year sentence for bank fraud, interstate transportation of stolen property, tax evasion and bankruptcy fraud. These crimes were committed through appellant's management of his business, Cleveland Steel. The motion for expungement requests that reference to a $1,600,000 loan in the presentence report be expunged. France claimed the loan was part of a civil suit which was dismissed by the lender. Therefore, he contends the loan was no longer an obligation or a fraud on his part. The presentence report was corrected to reflect that the loan was made to Cleveland Steel, of which the appellant owned 53% of the stock. The point of the appellant's claim is that reference to the loan is having a detrimental effect on his parole classification.
 
 
 4
 Initially, the appellant moves that this case be consolidated with another case, No. 85-3357, in which he is appealing a denial of a motion to vacate filed pursuant to 28 U.S.C. Sec. 2255. These two cases present totally distinct claims, and the motion to vacate his criminal sentence is considerably more involved than the present action. The motion to vacate is 53 pages long. Because of the distinct characteristic of each case and the volume involved with Case No. 85-3357, it is inappropriate to consolidate these cases on appeal.
 
 
 5
 Rule 32(c)(3), Federal Rules of Criminal Procedure provides that a reasonable time prior to sentencing, the defendant and counsel are permitted to examine the presentence report. In the Court's discretion, the defendant is allowed to introduce testimony or other information relating to any alleged factual inaccuracy. The motion for expungement was filed on May 14, 1984 and the judgment and commitment order was filed on May 6, 1984. Consequently, the petition was untimely under Rule 32.
 
 
 6
 The district court made a change of no consequence in the presentence report. The appellant wanted mention of the $1,600,000 year loan taken out of the presentence report. The court, however, merely noted that the loan was received by the appellant through his role as majority shareholder of Cleveland Steel. Even though the court ordered minor changes in the presentence report, it is clear the proper procedure for obtaining correction of the alleged inaccuracy is through administrative remedies. See 28 C.F.R. Sec. 2.19(c). Where one alleges prejudice to parole probability due to presentence report inaccuracies, he must exhaust administrative remedies prior to challenging the inaccuracies in court. Maynard v. Havenstrite, 727 F.2d 439 (5th Cir. 1984); United States v. LeGrano, 659 F.2d 17 (4th Cir. 1981).
 
 
 7
 In summary, the district court's order was tantamount to a denial of relief. The court was warranted in so holding because the appellant's motion was filed in an untimely fashion under Rule 32, Federal Rules of Criminal Procedure, and the appellant needs to exhaust administrative remedies prior to filing the action in the district court.
 
 
 8
 Accordingly, it is ORDERED that the motion to consolidate and motion for counsel are denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.