**Ronnie VAN CLEAVE,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America, Webb County Sheriff and Webb County Jail, Defendants-Appellees.**

No. 88–2095.

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1988.

Ronnie Van Cleave, Memphis, Tenn., pro se.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

PER CURIAM:

Appellant Ronnie Van Cleave moves this Court for leave to appeal in forma pauperis (IFP) from the district court's dismissal of his civil rights complaint. We grant the motion to appeal IFP and summarily affirm in part and vacate and remand in part. *See Clark v. Williams,* 693 F.2d 381 (5th Cir. 1982).

Van Cleave was arrested by U.S. marshals and placed in the custody of the Webb County jail on July 3, 1986. He was released on bond on July 6, 1986. Van Cleave brought this civil rights action against the U.S. and the Webb County Sheriff alleging that: 1) when he was booked he requested medical attention (for an injury he identifies on appeal as an abrasion to his forehead) but was denied medical attention for twenty-four hours; 2) during his three nights' confinement, he was denied a toothbrush, toothpaste, a comb, and a towel; 3) his request for newspapers was denied and he was told newspapers were not allowed; and 4) on July 6, 1986 at 6:00 p.m. he was released on bond, but his money and identification were not returned to him until 8:00 a.m. the next day because the jail safe could not be opened. Van Cleave's complaint states that he was subjected to cruel and unusual punishment.

The district court held that Van Cleave's complaint was frivolous and dismissed it pursuant to 28 U.S.C. § 1915(d). A claim is frivolous within the meaning of § 1915(d) where: 1) the claim has slight realistic chance of ultimate success; 2) the claim has no arguable basis in law or fact; or 3) the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Cay v. Estelle,* 789 F.2d 318, 326 (5th Cir.1986).

84

Van Cleave contends generally that he was subjected to cruel and unusual punishment. During the time period Van Cleave complains of he was a pretrial detainee. A pretrial detainee is protected by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Due process prohibits the punishment of a person prior to an adjudication of guilty. 441 U.S. at 535, 99 S.Ct. at 1871–72. A pretrial detainee has not been adjudged guilty of a crime and therefore "[d]ue process requires that a pretrial detainee [may] not be punished." *Id.* at 536 & n. 16, 99 S.Ct. at 1872.

"Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* at 537, 99 S.Ct. at 1873. The due process clause does not prohibit regulatory restraints that are merely incident to pretrial detention. Whether a detention measure constitutes a permissible regulatory restraint or an impermissible punishment of a pretrial detainee turns on the intention of the jail officers.

[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Id.* at 539, 99 S.Ct. at 1874. (footnote omitted).

In his complaint Van Cleave alleged that he was denied medical attention for twenty-four hours following his arrest. A pretrial detainee is entitled to reasonable medical care unless the failure to provide it is reasonably related to a legitimate governmental objective. *Cupit v. Jones*, 835 F.2d 82, 85 (5th Cir.1987). There are facts consistent with Van Cleave's general allegation that could be proved and would entitle Van Cleave to relief; therefore this claim should not have been dismissed for failure to state a claim. *See Moawad v. Childs*, 673 F.2d 850 (5th Cir.1982). The district court dismissed this claim stating that Van Cleave failed to allege the nature of his injury or the requested treatment. In civil rights cases, this Court requires that the " 'claimant ... state specific facts, not merely conclusory allegations.' " *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir.1986) (citation omitted). However, Van Cleave's complaint was dismissed before he had an opportunity to amend. There are further facts that Van Cleave could have alleged in support of this claim; the claim should not have been dismissed before Van Cleave had an opportunity to amend his complaint. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir.1986).

Van Cleave's complaint also alleged that his request for a newspaper was denied and he was told newspapers were not allowed. There are facts consistent with this allegation that if proved would entitle Van Cleave to relief. In *Mann v. Smith*, 796 F.2d 79, 82–83 (5th Cir.1986), this Court held that a county jail's policy of banning newspapers and magazines violated a pretrial detainee's first amendment rights where the state failed to show that the ban served a legitimate governmental objective.

Van Cleave's complaint also alleges that he was released from the county jail on July 6, at 6:00 p.m., however "the Sergeant told [Van Cleave] that [his] money and identification were locked in the safe and no one could open it until 8:00 a.m. the next day." This allegation does not state a claim. Locking Van Cleave's property in a safe served the obvious legitimate governmental interest of securing Van Cleave's property; the Sergeant's inability to open the safe does not evidence an intent to punish Van Cleave.

In his complaint Van Cleave also alleged that he was denied a *toothbrush*, toothpaste, a comb, and a towel during his three nights of confinement. He also alleges that he asked a jailer for a Bible, but was given a Spanish Bible which he could not read. These issues are not addressed in Van Cleave's motion for IFP. Federal Rule of Appellate Procedure 24(a) requires

that the IFP applicant provide "a statement of the issues which he intends to present on appeal." Van Cleave's allegations concerning the denial of hygienic items and an English-language Bible are not addressed in his IFP motion and are deemed abandoned. *See Maynard v. Havenstrite,* 727 F.2d 439, 440 (5th Cir.1984).

Accordingly, we grant Van Cleave's motion to appeal IFP. We vacate and remand the district court's order insofar as it relates to the claims of denial of medical attention and newspapers and remand to the district court to give Van Cleave an opportunity to amend his complaint to state specific facts, if any he can, that would constitute a claim for which relief could be granted. In doing so, the district court may wish to call Van Cleave's attention to the provisions of Federal Rule of Civil Procedure 11. We, of course, intimate no opinion concerning whether or not Van Cleave will be able to so amend his complaint as to state a claim or as to the ultimate merits of his claim should he be able to do so. In all other respects, we affirm the district court.