**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009
Decided February 5, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2696

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | 06 CR 208 |
| SEAN D. WHITE, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Sean White pleaded guilty to conspiring to distribute 50 or more grams of cocaine base, *see* 21 U.S.C. §§ 846, 841(a)(1), and was originally sentenced in April 2007 to 150 months' imprisonment. In White's first appeal we granted the parties' joint motion to remand for resentencing in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). *See United States v. White*, No. 07-2079 (7th Cir. Mar. 3, 2008) (unpublished order). On remand the district court applied the May 2008 amendments to U.S.S.G. § 2D1.1(c)(3) and note 10(D), which lowered White's base offense level from 34 to 32. *See* U.S.S.G., Supp. to

App. C, amends. 715, 716 (2008). The court credited him three levels for accepting responsibility, and the resulting total offense level of 29 combined with his criminal history category of II yielded an imprisonment range of 97 to 120 months. White, though, had provided substantial assistance, so the government reciprocated by moving for a sentence less than both the imprisonment range and the 120-month statutory minimum, *see* 18 U.S.C. § 3553(f); 21 U.S.C. § 841(b)(1)(A), and the court imposed a term of 78 months. White appeals, but his appointed counsel cannot discern a nonfrivolous basis for the appeal and has moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). White responded to counsel's submission under Circuit Rule 51(b). We limit our review to the potential issues counsel and White identify. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether White could challenge his guilty plea or pursue other matters that arose before his resentencing. But by seeking a remand for resentencing without first raising concerns about other aspects of the proceedings, White waived any issue arising before his resentencing. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). And even if this was not the situation, White's guilty plea, which he stands by, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), waived any nonjurisdictional defect that preceded the plea, *see United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir. 2000).

Counsel also inquires whether White could argue that his prison sentence is unreasonable. Not only did the district court grant the government's motion to impose a sentence below the 10-year statutory minimum, *see* 18 U.S.C. § 3553(f), but the court selected a term of 78 months, well below the guidelines range of 97 months. We have yet to encounter a below-range sentence that was unreasonably high, and it is difficult to conceive of one that would be. *See United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). In this case the district court adequately explained its choice of sentence by referring generally to several of the factors set out in 18 U.S.C. § 3553(a) and by stating that a reduction for White's substantial assistance was appropriate. *See United States v. Diaz*, 533 F.3d 574, 577-78 (7th Cir. 2008); *United States v. Holt*, 486 F.3d 997, 1004 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). A challenge to the reasonableness of the term would thus be frivolous.

Finally, counsel and White question whether White could challenge a representation in the presentence report that his 1987 escape conviction involved "force/violence." At resentencing the district court observed that White had not timely raised this question, and when the court offered to continue the proceeding to study the issue, White declined. We would conclude, therefore, that White waived any objection to the accuracy of the information in the presentence report. *See United States v. Brodie*, 507 F.3d 527, 531-32 (7th Cir. 2007); *United States v. Sanchez*, 507 F.3d 532, 539 (7th Cir. 2007). Moreover, White did

raise this factual question at his first sentencing, and at that time the sentencing court concluded that a ruling was unnecessary because the disputed information did not affect White's sentence, *see* FED. R. CRIM. P. 32(i)(3)(B); *United States v. Coonce*, 961 F.2d 1268, 1277 (7th Cir. 1992). At resentencing the court implicitly reached the same conclusion, and to the extent that the notation in the presentence report is causing problems for White with the Bureau of Prisons, he can correct the error through the administrative process. *See* 28 C.F.R. §§ 542.10-542.16; *United States v. Engs*, 884 F.2d 894, 897 (7th Cir. 1989); *Maynard v. Havenstrite*, 727 F.2d 439, 441 (5th Cir. 1986).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.