David Neil SPAULDING,
Plaintiff-Appellant,

v.

Thomas W. NIELSEN, Chief U.S. Probation Officer, and Henry Lucas, Jr., Deputy U.S. Probation Officer, Defendants-Appellees.

No. 78–2736
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 30, 1979.

David Neil Spaulding, pro se.

Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., for defendants-appellees.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

This case presents the question whether a federal probation officer is immune from a suit for damages based on alleged misconduct in the investigation and preparation of a presentence report. Appellant Spaulding, the plaintiff below, brought a civil action seeking damages, as well as equitable and declaratory relief. He claimed that defendants Nielsen and Lucas were responsible for an incomplete and incorrect presentence report,[1] which denied him due process of law. The court below dismissed the action for

---

See United States v. Nielsen, 392 F.2d 849, 852 (7th Cir. 1968).

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Cas. Co., 431 F.2d 409 (5th Cir. 1970) (pt. I).

1. Spaulding allegedly informed Nielsen of the following errors made by Lucas:

1. An erroneous record of a conviction was listed.

2. A charge as to which prosecution was refused should have been removed.

3. Appellant's mother and stepfather had not been interviewed, in either 1973 or 1977.

4. Appellant's last employer was not contacted to confirm employment.

5. The employer and police officers were not contacted to confirm that appellant had not been a fugitive and was en route to surrender when arrested.

6. Appellant's psychiatrist was not contacted to confirm animosity that existed between appellant and Lucas.

7. Facts that appellant's difficulty in maintaining employment resulted from physical trauma and emotional disturbance were not presented.

8. Fact that his changes of address were fully approved was not presented.

9. Fact that appellant had tried to make restitution three times, prior to filing of complaint, was not presented.

failure to state a claim, holding that defendants were quasi-judicial officers and shielded from suits for damages by absolute immunity while acting in their quasi-judicial capacity. We affirm.

David Neil Spaulding pleaded guilty in 1973 to a charge of impersonating an FBI agent and was sentenced to three years probation, which was discharged without violation. He alleges that the presentence report was then, and is today, defective in that important information was excluded. Defendant Lucas was Spaulding's supervisor during the latter part of this sentence. Then in 1976, Spaulding was charged with interstate transportation of stolen property. After a plea of guilty and prior to sentencing, Spaulding objected to the presentence report on the ground that the defective 1973 report had been submitted to the court by Lucas and that it was misleading and erroneous. Sentencing was reset, defendant Nielsen was allegedly informed of the omissions of Lucas, and Spaulding claims that he was assured by Nielsen and by the presiding judge that the omitted matters would be considered. But at sentencing Spaulding did not ask to examine the supplemented report. Spaulding now alleges that the presentence report was not corrected and that he was denied serious consideration for parole because of the erroneous and prejudicial report. He asks for damages of $86,000 from each defendant, for various injunctions against each defendant and their successors, and for a declaratory judgment that his constitutional rights were violated.

■ The district court's dismissal of Spaulding's damage claims against the federal probation officers was proper. Judges who act within the scope of their authority enjoy absolute immunity from damage suits. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This immunity has been extended to prosecutors for their decision to prosecute and their conduct of the government's case on the theory that these activities are "intimately associated with the judicial phase of the criminal process . . ." *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). We hold that a probation officer is entitled to the same protection when preparing and submitting a presentence report in a criminal case. The report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the court. *See* Fed.R.Crim.P. 32. We think it apparent that this narrow function is "intimately associated with the judicial phase of the criminal process" and thus, where, as here, the challenged activities of a federal probation officer are within this function, he or she is absolutely immune from a civil suit for damages.[2] *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970); *Friedman v. Younger*, 282 F.Supp. 710 (C.D.Cal.1968). *See also Cruz v. Skelton*, 502 F.2d 1101 (5th Cir. 1974). Defendants' activities were within this protected function, and the complaint seeking damages was properly dismissed.

■ Even though Nielsen and Lucas are immune from an action for damages, they are not necessarily immune from an action for equitable relief. *Wood v. Strickland*, 420 U.S. 308, 315 n. 6, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Spaulding's claims for injunctive relief, however, are either moot or patently without merit.[3] He has been paroled, and Nielsen and Lucas have no role in his supervision. Moreover, the allegedly erroneous presentence report cannot harm

2. We have no occasion to decide today, and do not decide, whether immunity will shield probation officers from civil liability for official activities apart from the presentence report process.

3. Spaulding asks that defendants and their successors in office, as well as "all other persons in active concert and participation with them," be enjoined from any further use of the presentence report, from transferring him to any other institution during the pendency of this action without his written consent, and from communicating with the "U.S. Board of Parole" concerning this suit. He also asks that Nielsen and Lucas be enjoined from directly supervising him or from interfering with his supervision.

his status as a parolee; Spaulding's parole can be revoked only for a new violation.

 Spaulding also argues on appeal that he stated a claim for relief in the nature of mandamus under 28 U.S.C. § 1361. A claim for unliquidated money damages, however, cannot be maintained under this statute, *e. g., United States v. Pennsylvania*, 394 F.Supp. 261, 265 (M.D.Pa.1975), and Spaulding's claim for mandamus is also now moot. He apparently argues that the allegedly erroneous report would harm his chances for parole and asks us to require Nielsen and Lucas to perform their duty to prepare an accurate report. Spaulding has at this time successfully obtained his release on parole, and the presentence report will affect him only if he is convicted of a new offense. If that unfortunate event occurs, he will have ample opportunity, as he did below, to inspect and to challenge the report. *See Shelton v. United States*, 497 F.2d 156 (5th Cir. 1974).

Finally, by his failure to brief or argue the issue on appeal, Spaulding has abandoned any contention that the court below erred in denying declaratory relief. The order dismissing Spaulding's complaint is AFFIRMED.