**Michael A. GALVAN, Plaintiff-Appellant,**

v.

**Giles GARMON, et al., Defendants-Appellees.**

No. 82–1261.

United States Court of Appeals, Fifth Circuit.

July 25, 1983.

Rehearing and Rehearing En Banc Denied Sept. 12, 1983.

George & George, James W. George, Austin, Tex., for plaintiff-appellant.

James Rader, Susan Eley, Asst. County Attys., Charles R. Burton, Martha S. Dickie, Margaret Moore, Austin, Tex., for defendants-appellees.

Before RUBIN, GARZA and WILLIAMS, Circuit Judges.

PER CURIAM:

We are presented here with the narrow question of whether a state probation officer, who mistakenly causes the arrest and incarceration of a person on probation, may claim absolute or only qualified immunity in a § 1983 damage suit. The district court below directed a verdict for defendant-appellees at the close of plaintiff-appellant's case, on the ground that the probation officer was cloaked with absolute immunity for her actions. Since we find that the probation officer in the immediate case was only entitled to qualified immunity, we vacate the district court's order and remand.

Appellant, Michael Galvan, was sentenced to three years probation on October 24, 1979, on a theft conviction. On April 9, 1981, a person named Michael Galvan was arrested in Austin, Texas, for driving while intoxicated and unlawfully carrying a weapon. Peggy Grose, a Travis County probation officer, noticed Galvan's name on the jail roster. Assuming that the person in jail was appellant, she prepared a motion to revoke his probation. An arrest warrant was issued and Galvan was arrested on June 24, 1981. He remained incarcerated for twenty days. The motion to revoke probation was withdrawn on July 13, 1981, when it was ascertained that the person

arrested on April 9, 1981, and appellant were different persons.

Appellant then filed this § 1983 suit against a number of individuals including Grose, Giles Garmon, Director of the Travis County Adult Probation Department, and the Travis County Adult Probation Department. Appellant contended that his constitutional rights were violated by the actions of the probation department in erroneously causing his arrest and incarceration. The case went to trial. At the close of plaintiff's case, the district court granted a directed verdict to all defendants on the ground that they were protected by absolute immunity. Appellant appeals, claiming that appellees are protected only by qualified immunity.

The Supreme Court has recently noted that absolute immunity protects "officials whose special functions or constitutional status requires complete protection from suit," such as legislators, judges, prosecutors and executive officers engaged in adjudicative functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). Although *Harlow* involved a suit brought against a federal officer under the Constitution, the Court said that it would be untenable to draw a distinction between such a suit and one brought against state officers under § 1983. *Id.* 102 S.Ct. at 2738 n. 30 (quoting *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978)). The Court in *Harlow* noted that absolute immunity for judicial functions "has extended no further than its justification would warrant." *Id.* 102 S.Ct. at 2735. It stated that "[f]or executive officials in general . . . our cases make plain that qualified immunity represents the norm." *Id.* 102 S.Ct. at 2733. We find that *Harlow* controls this case.

■ The district court based its decision on *Spaulding v. Nielsen*, 599 F.2d 728 (5th Cir.1979). In *Spaulding* this Court held that federal probation officers preparing and submitting a presentence report in a criminal case are protected by absolute immunity because the report is an integral part of the sentencing process and because the officer acts at the direction of the court in preparing the report. His activity, therefore, is " 'intimately associated with the judicial phase of the criminal process.' " *Id.* at 729 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976)). We find *Spaulding* not controlling in the case at hand. Whereas in *Spaulding* the probation officer was acting at the direction of the court during the presentence report process, in the immediate case the probation officer acted at her own initiative and at a different phase of the criminal process less intimately associated with the judiciary. The *Spaulding* court specifically reserved the question here at issue:

> We have no occasion to decide today, and do not decide, whether immunity will shield probation officers from civil liability for official activities apart from the presentence report process.

599 F.2d at 729 n. 2.

■ In light of the Supreme Court decision in *Harlow*, as well as the cautionary notes struck in other cases rendered by this Court,[1] we find no absolute immunity in the immediate situation. Qualified immunity, as redefined by the Supreme Court in *Harlow*, permits state officers to be subjected to suits only if the officials' conduct clearly violated an established statutory or constitutional right of which a reasonable person would have known.[2] 102 S.Ct. at 2738. In

---

1. *See, e.g., Williams v. Rhoden*, 629 F.2d 1099 (5th Cir.1980); *Douthit v. Jones*, 619 F.2d 527, 534 (5th Cir.1980) (and the cases cited therein).

2. We do not pass upon either the question of whether appellant has a cause of action under 42 U.S.C. § 1983 or the question of whether

appellant has alleged or proved that appellees clearly violated an established constitutional right of which they reasonably should have known. The district court did not reach the qualified immunity issue, and we remand for the court's consideration of this question.

the immediate case, this standard does not dampen the ardor of public officials and the discharge of their duties. Yet at the same time it keeps an avenue open for vindication of constitutional guarantees. Thus we conclude that the immediate case does not present the sort of "special functions or constitutional status [which] requires complete protection from suit," *Harlow, supra,* 102 S.Ct. at 2732, which would justify further extension of absolute immunity to the immediate case.[3]

REVERSED AND REMANDED.

---

3. In so concluding, we do not pass upon whether appellee Travis County Adult Probation Department is a proper defendant or whether, if it is, if it is to be considered analogous to a municipality. Nor do we pass upon what defenses are available to it if it is to be considered analogous to a municipality. *See Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). These arguments were neither briefed nor asserted on appeal.