**Anthony CROSBY-BEY, Plaintiff,**

v.

**George JANSSON, Defendant.**

**Civ. A. No. 82-2500.**

United States District Court,
District of Columbia.

June 1, 1984.

Robert B. Cave of Hogan & Hartson, Washington, D.C., for plaintiff.

Candida Staempfli, Asst. Corporation Counsel, District of Columbia, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

Before the court is defendant's motion to dismiss the complaint, or in the alternative for summary judgment, and memoranda in support thereof and opposition thereto. The basis of defendant's motion is that, as a duly appointed and authorized probation officer, he enjoys absolute quasi-judicial immunity for the investigation and preparation of a presentence report pursuant to a sentencing judge's request. Upon consideration of the motion, memoranda, and the entire record herein, and there being no material facts in dispute, the court concludes that the defendant is entitled to absolute immunity and therefore grants defendant's motion for summary judgment on plaintiff's legal claims. An additional hearing is required before the court can rule on plaintiff's equitable claims.

## BACKGROUND

The plaintiff was convicted by a jury in the Superior Court of the District of Columbia on August 31, 1976, of second de-

gree burglary while armed, assault with a dangerous weapon, and possession of a pistol without a license. Judgment was entered by the presiding judge, the Honorable Tim Murphy, who scheduled sentencing for September 29, 1976, to allow time for the preparation of a presentence report. The completed report was submitted to Judge Murphy on August 27, 1976. On October 6, 1976, the judge sentenced plaintiff to fifteen to forty-five years incarceration.

■ Plaintiff now contends[1] that a critical portion of the presentence report, the "Social History" section, contained false and erroneous information that persuaded Judge Murphy to impose an unduly harsh sentence. He attributes the inclusion of libelous material to defendant's gross negligence and carelessness in preparing the report.[2] Plaintiff further argues that he should not be denied redress for such a severe constitutional violation—sentencing based on materially untrue assumptions—due to defendant's status as a probation officer. See Townsend v. Burke, 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). The court agrees with plaintiff's premise that defendant's status alone is an insufficient basis for a finding of absolute immunity. However, the facts of this case clearly indicate that plaintiff is challenging defendant's performance, by delegation, of a judicial function that is an integral part of the judicial process. See Sup.Ct.Crim.R. 32(b). While acting in such a capacity, defendant is entitled to share a judge's absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1335 (1959). Cf. Pulliam v. Allen, —

U.S. ——, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) (judicial immunity does not bar prospective injunctive relief or an award of attorneys' fees under § 1983).

## ABSOLUTE IMMUNITY EXTENDS TO PROBATION OFFICERS PERFORMING THEIR QUASI–JUDICIAL DUTIES

■ Absolute immunity has been extended to officials other than judges when their activities are integrally related to the judicial process and when they must exercise discretion comparable to a judge's. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors initiating and pursuing a criminal prosecution); Simons v. Bellinger, 643 F.2d 774 (D.C.Cir.1980) (members of committee appointed by Court of Appeals to monitor unauthorized practice of law); Ashbrook v. Hoffman, 617 F.2d 474 (7th Cir.1980) (partition commissioners effecting a divorce settlement); Stift v. Lynch, 267 F.2d 237 (1959) (justices of the peace). A number of courts have determined that probation officers are similarly entitled to quasi-judicial immunity. See, e.g., Spaulding v. Nielsen, 599 F.2d 728 (5th Cir.1979); Thompson v. Burke, 556 F.2d 231, 236 (3rd Cir.1977) (collecting cases); Burkes v. Callion, 433 F.2d 318 (9th Cir.1970), cert. denied, 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971); Hall v. Schaeffer, 556 F.Supp. 539 (E.D.Pa.1983).

The Supreme Court has cautioned, however, that absolute immunity for judicial functions should be "extended no further than its justification would warrant." Harlow v. Fitzgerald, 457 U.S. 800, 811, 102 S.Ct. 2727, 2735, 73 L.Ed.2d 396 (1982).

---

1. Plaintiff's original pro se complaint, filed in September 1982 and assigned to Judge Hart, named both Mr. Jansson and the District of Columbia as defendants. The District of Columbia was dismissed because a municipality cannot be liable in a § 1983 action on a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). After an appeal of the dismissal and a remand to this judge, plaintiff amended his complaint against Mr. Jansson in September 1983 to add and clarify pendent claims.

2. Plaintiff principally objects to "damaging, uncorroborated and untrue" information obtained in an interview with his aunt concerning his employment history, his relations with family members, and his generally negative attitude toward the world. Mr. Jansson does not attempt to vouch for the truth of his interview results, but asserts that he reported them to Judge Murphy with proper attribution to his sources. See Jansson Affidavit, ¶ 2. (Exhibit D to Defendant's Reply Memorandum.)

*See also Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In assessing whether absolute immunity should shield this defendant, the court must consider three public policy factors: 1) the "functional comparability" of his judgments to those of a judge; 2) the nature of the controversy in which he participated; and 3) the adequacy of safeguards to control unconstitutional conduct. *Simons*, 643 F.2d at 778.

1. *The probation officer's investigation and preparation of the presentence report is comparable to a judicial function*

■ The presentence report is an integral part of the judicial function of sentencing. *Spaulding*, 599 F.2d at 729. Defendant acted at the request of the court and submitted the results of his investigation and evaluation to the sentencing judge for his consideration. A probation officer preparing a presentence report serves as the court's eyes and ears and must exercise discretion in conducting his investigation and making his recommendations, without fear of subsequent civil liability. *Cf. Galvan v. Garmon*, 710 F.2d 214 (5th Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2150, 80 L.Ed.2d 536, (1984) (probation officer entitled to only qualified immunity for mistakenly causing arrest for probation violation, acting without court direction and at a phase of the criminal process less intimately associated with the judiciary).

Plaintiff tries to segment the probation officer's responsibilities and argue that for the *investigation*—as opposed to the analysis or recommendations—a probation officer should be accorded only qualified immunity, and therefore be required to demonstrate his good faith.[3] Such a division of tasks is unpersuasive, however. The defendant here acted *post*-conviction, at the direct request of the sentencing judge, and submitted a report to the court. When a probation officer's actions are set in motion by a judge's request and he is directly accountable to the bench he is acting in a quasi-judicial capacity, and is therefore entitled to share the judge's absolute immunity.

2. *Criminal sentencing is an "intense" controversy likely to lead to continuing harassment or intimidation by disappointed litigants*

■ There can be no doubt that criminal defendants, dissatisfied with their sentences, would institute civil suits challenging the thoroughness and/or accuracy of the investigations conducted by probation officers preparing presentence reports. Probation officers would serve as a " 'lightning rod for harassing litigation' aimed at the court." *Ashbrook*, 617 F.2d at 476, quoting *Kermit Construction Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir.1976). This threat would tend to impair their judgment and subject them to the overwhelming burden of defending themselves and demonstrating their good faith should they be protected by anything less than absolute immunity.

3. *Other safeguards reduce the need for private damage actions as a means for controlling unconstitutional conduct*

■ Granting probation officers absolute immunity does not open the door to wholesale sentencing based on inaccurate, misleading, or partial presentence reports. The first safeguard for a criminal defendant is his ability to review the report with his attorney and to apprise the sentencing judge of errors or omissions. Plaintiff here was accorded that opportunity and his counsel informed Judge Murphy before sentencing that he did not find any "substantial factual inaccuracies" in the presen-

---

**3.** The distinction between absolute and qualified immunity is that the former defeats a suit at the outset, while the "fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, as established by the evidence at trial." *Imbler*, 424 U.S. at 419, n. 13, 96 S.Ct. at 989 n. 13.

tence report. (Sentencing transcript at 3.)[4] In addition, plaintiff made use of his right under Criminal Rule 35(a) of the Superior Court to move for the reduction of his sentence, based partly on the fact that the "court may have been ill informed by information that the probation officer got from a parent or some[one] who has ill feeling against the defendant." ("Points and Authorities in Support of Motion for Reconsideration" at 2.) Judge Murphy denied that motion in August 1979.

Thus, plaintiff had opportunities to protect himself against constitutionally impermissible sentencing based on materially untrue assumptions. *See Townsend,* 334 U.S. at 740–41, 68 S.Ct. at 1255. The transcript of the sentencing hearing and Judge Murphy's affidavit (Exhibit E to Defendant's Reply Memorandum) indicate that the inaccuracies alleged by plaintiff did not give rise to any substantial false assumptions on the judge's part or play any significant role in his sentencing decision. Rather, Judge Murphy "believed Mr. Crosby to be an armed robber who had narrowly missed being a felony murderer and sentenced him accordingly." (Murphy affidavit, ¶ 2.) Plaintiff's opportunities to inform the sentencing judge of alleged inaccuracies in the presentence report obviate the need for the additional safeguard of a civil damages remedy against probation officers in order to control misguided and unconstitutional sentencing decisions.[5]

**EQUITABLE RELIEF IS NOT PRECLUDED**

 In addition to seeking compensatory and punitive damages from defendant, plaintiff has asked for a mandatory injunction directing that erroneous and inaccurate information be expunged from his presentence report. Defendant's absolute immunity clearly shields him from plaintiff's claim for damages, but not necessarily from equitable claims. *Pulliam v. Allen,* —— U.S. ——, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Spaulding,* 599 F.2d at 729; *see also Simons,* 643 F.2d at 776, n. 4. The equitable relief sought here, however—record expunction—may not be within this defendant's power to accomplish.[6] Plaintiff's equitable claim therefore requires an additional hearing before final evaluation by the court.

### CONCLUSION

The court has determined that the defendant probation officer has absolute quasi-judicial immunity for the investigation and preparation of a presentence report pursuant to a judge's request. Accordingly, the defendant's motion for summary judgment on plaintiff's legal claims will be granted by an order of even date herewith. Because defendant's immunity does not necessarily bar *equitable* claims, however, the court will hold an additional hearing before dismissing the balance of plaintiff's complaint, in which he seeks the equitable relief of record expunction.

---

**4.** Sup.Ct.Crim.R. 32(b)(3) provides for disclosure of the presentence report to a defendant or his counsel upon request, although the judge may withhold certain information, such as the name of a source, if disclosure might be harmful. Judge Murphy apparently decided in this case not to limit plaintiff's access. In his complaint, plaintiff disputes the adequacy of his opportunity to review his presentence report at the sentencing hearing. *See* "Preliminary Statement," second paragraph. The court does not consider this dispute to be material because plaintiff had a second chance to review the report and to bring his allegations of error to the attention of the sentencing judge.

**5.** Even the absence of other avenues of redress would not necessarily warrant the denial of absolute immunity. *See Imbler,* 424 U.S. at 427–29, 96 S.Ct. at 993–94.

**6.** The prayer for this equitable relief was in plaintiff's original *pro se* complaint, which named the District of Columbia as a defendant along with Mr. Jansson. It has not been argued by the parties in the memoranda now before the court.