William A. WALTERS

v.

Jean WOLFE, United States Parole Officer and United States Parole Commission.

Civ. A. No. 84–1793.

United States District Court, E.D. Pennsylvania.

Feb. 21, 1985.

William A. Walters, pro se.

Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

LUONGO, Chief Judge.

This is a civil action filed by a former federal parolee who was arrested for violating the conditions of his parole. The remaining defendants are plaintiff's parole supervisor and the United States Parole Commission. In a memorandum and order dated May 24, 1984, I construed plaintiff's complaint as one for deprivation of constitutional rights under color of federal law. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Now before me is defendants' motion to dismiss or for summary judgment. I will grant defendants' motion for summary judgment.

The substance of plaintiff's complaint relates to the alleged misconduct of defendant Wolfe during plaintiff's nine-month period of release on parole, and particularly with respect to the events leading to his current incarceration. Although the relevance of plaintiff's catalogue of allegations

is not self-evident, I note that the complaint states that plaintiff was asked to resign from two jobs by his probation supervisors; that he was falsely accused of having "dirty urine;" that he was threatened with incarceration if he failed to report to the probation office despite what plaintiff interpreted as threats against him by someone who knew his reporting schedule; that defendant Wolfe inaccurately stated on an application for a warrant for plaintiff's arrest that he was arrested for offenses that were "just pending charges;" that defendant was so eager to have plaintiff reincarcerated that she neglected to recount that plaintiff had departed the Eastern District of Pennsylvania without permission, but that after plaintiff filed a motion to dismiss, defendant filed a revised, corrected warrant application; and, finally, that he has been reincarcerated without probable cause.

Defendants advance two basic arguments in response to the complaint. First, in response to my prior characterization of this case as a *Bivens* action, defendants argue that plaintiff's complaint can be read as a claim that he was deprived of his right to a probable cause hearing or that the underlying warrant application was negligently issued. So construed, defendants argue that an affidavit supporting their motion leaves no genuine issue of material fact relevant to plaintiff's claims. The *Bivens* action is further challenged on the ground that defendant Wolfe is entitled to quasi-judicial immunity.

Second, defendants argue that plaintiff's complaint can be construed as a petition for a writ of habeas corpus. So characterized, defendants contend that the petition should be dismissed for failure to exhaust administrative remedies.

Plaintiff has filed a response to defendants' motion. In the response, plaintiff disputes the characterization of his claim as a habeas corpus petition, specifically stating that he does not wish to be released. Plaintiff's response further states that the witnesses who testified for the government at the parole revocation hearing did so untruthfully.

■ In light of plaintiff's disclaimer of intent to seek release, I cannot consider this a habeas corpus petition. References in plaintiff's complaint to bringing the circumstances of his arrest before a court, therefore, must be considered as a request for an evidentiary hearing on his civil suit for damages.

■ As to plaintiff's *Bivens* claim, defendants assert an absolute immunity because of defendant Wolfe's status as a probation officer. Invoking the doctrine of quasi-judicial immunity, defendants cite *Thompson v. Burke*, 556 F.2d 231 (3d Cir. 1977) and *Hall v. Schaeffer*, 556 F.Supp. 539 (E.D.Pa.), *vacated and remanded on other grounds*, 723 F.2d 897 (3d Cir.1983). I am unable to accept defendants' claim for absolute immunity. Most of the conduct for which defendants are sought to be held liable cannot be considered so intimately related to the judicial process that a grant of absolute immunity is warranted. *Compare Galvan v. Garmon*, 710 F.2d 214 (5th Cir.1983) (*per curiam*), *cert. denied*, —— U.S. ——, 104 S.Ct. 2150, 80 L.Ed.2d 536 (1984) (only qualified immunity protects probation officer who mistakenly causes arrest and incarceration of probationer) *and Ray v. Pickett*, 734 F.2d 370 (8th Cir. 1984) (same) *with Crosby-Bey v. Jansson*, 586 F.Supp. 96 (D.D.C.1984) (absolute immunity attaches to preparation of presentence report). Nevertheless, I agree with defendants' contention that plaintiff's claim cannot survive the motion for summary judgment. An affidavit submitted in support of defendants' motion makes clear that plaintiff has not been deprived of his right to a hearing to contest the charges against him—indeed plaintiff refused to participate in such a hearing. Moreover, the affidavit and exhibits thereto furnish ample probable cause for plaintiff's arrest.

Because I conclude that the remainder of plaintiff's factual allegations are not relevant to a claim upon which relief may be granted, I will grant defendants' motion for summary judgment.