**John R. GRIFFIN, Plaintiff-Appellant,**

v.

**Dick LEONARD, U.S.P.O. and Regional Director Vincent, Defendants/Appellees.**

No. 86–2485
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 1987.

John F. Griffin, pro se.

Wayne Campbell, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Frank A. Conforti, James R. Gough, Asst. U.S. Attys., Houston, Tex., for defendants/appellees.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In 1977, John F. Griffin was convicted of bank robbery in a federal district court and sentenced to fifteen years imprisonment. He was released on parole in May 1982. In November 1983, he was arrested by local police officers in Corpus Christi, Texas, and charged with various offenses related to his alleged use of a firearm to threaten his landlord. Dick Leonard, the federal probation officer supervising Griffin's parole, reported this charge to the parole commission, which issued a warrant for the return of Griffin to federal custody. After the warrant had been issued, Griffin was interviewed by a second parole officer who determined that probable cause existed for believing that Griffin had violated the conditions of his parole. A parole revocation hearing was then convened, at which Griffin was represented by counsel and permit-

ted to present evidence and cross-examine witnesses.

Although Griffin's landlord did not appear at the revocation hearing, her affidavit was introduced and considered by the parole examiners. The police officer who had been called to the scene immediately after the altercation, and who had written the police report, was present. He testified that he found a handgun in Griffin's apartment. Based upon the affidavit and the police officer's testimony, the panel revoked Griffin's parole. Upon administrative review, the Appeals Board upheld the panel decision, and Griffin was assigned to the Federal Correction Institute in El Reno, Oklahoma.

Griffin then brought the suit in the United States District Court for the Southern District of Texas, alleging that his fourteenth amendment rights to due process were violated because he was unable to cross-examine his landlord at the parole revocation hearing. In addition to seeking release, Griffin named Dick Leonard a defendant and sought damages from Leonard stemming from Leonard's role in Griffin's allegedly improper incarceration.

After examining the recommendations of the magistrate, the district court determined that Griffin sought, in effect, habeas corpus relief which must be pursued in a district court having jurisdiction either over the petitioner or his custodian.[1] Because Griffin was incarcerated in a facility in Oklahoma, the district court determined that it did not have jurisdiction to consider his claims and dismissed Griffin's suit without prejudice. We affirmed but also noted that the district court did not address the issue whether the action for damages could be pursued as a *Bivens*[2] claim independently of an action for habeas relief.[3] We, therefore, asked for further briefing on whether a *Bivens* claim may be brought for the allegedly unconstitutional revocation of parole and, if so, whether Griffin must first pursue his remedies in habeas corpus.

Citing *Bivens* and *Carlson v. Green,*[4] the government concedes that a claim such as Griffin's may be maintained as a *Bivens*-type action with a "parallel and complementary" action against the United States under the Federal Tort Claims Act.[5] It contends, however, that federal probation officers like Leonard should be entitled to absolute immunity for acts performed while engaged in their function to revoke parole.[6] At the very least, it is contended, they are entitled to qualified immunity and subjected to suits only if their conduct violated clearly established law of which a reasonable person would have known.[7] Griffin contends that federal probation officers are entitled, at most, to qualified immunity and that Leonard's conduct was unreasonable in the light of clearly established law.

We have held that a state probation officer engaged in seeking an arrest warrant for a parolee is entitled to qualified immunity,[8] and the Eighth Circuit has held that federal probation officers performing their duties enjoy the same degree of protection.[9] Leonard, therefore, is entitled to at least qualified immunity. We need not here decide whether the functions in which he was engaged warrant a stronger measure of protection because, even if only qualified immunity applies, Griffin has

1. *See United States v. Brown,* 753 F.2d 455, 456 (5th Cir.1985); *Blau v. United States,* 566 F.2d 526, 527–28 (5th Cir.1978).

2. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

3. *See Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974).

4. 446 U.S. 14, 20, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980).

5. 28 U.S.C. § 2680(h).

6. *Citing Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

7. *Citing Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

8. *Galvan v. Garmon,* 710 F.2d 214 (5th Cir. 1983), *cert. denied,* 466 U.S. 949, 104 S.Ct. 2150, 80 L.Ed.2d 536 (1984).

9. *Ray v. Pickett,* 734 F.2d 370, 374 (8th Cir. 1984).

failed to allege facts entitling him to overcome Leonard's immunity defense.

■ The only basis Griffin advances for imposing liability on his probation officer is Leonard's alleged representation that Griffin was convicted in state court for the charges made, which was not in fact true, and the probation officer's reliance on hearsay in submitting his report. Leonard's report, however, does not state that Griffin was convicted as a result of the incident, but only that an offense was reported to the Corpus Christi Police Department and that a police report was filed. Moreover, although in his letter to the parole board Leonard summarized portions of the report he deemed especially relevant to the determination of whether Griffin's parole should be revoked, he also attached the entire police report to his letter so that the board could review it themselves. Like grand juries,[10] prosecutors and probation officers may initiate review of alleged wrongdoing on the basis of hearsay reports from reliable sources. In doing so, Leonard acted reasonably and in accordance with recognized procedures. He is, therefore, immune from liability and entitled to have the damage claim against him dismissed with prejudice.

Because we find that Griffin's damage claim against Leonard is barred by Leonard's immunity defense, we do not reach the issue whether a *Bivens* claim for damages arising from an allegedly unconstitutional revocation of parole may be pursued prior to exhausting habeas corpus remedies.

For the reasons stated above, the order of the district court dismissing Griffin's damages claim against Leonard is AFFIRMED, but MODIFIED to make the dismissal with prejudice.

---

**10.** *See United States v. Dionisio,* 410 U.S. 1, 15, 93 S.Ct. 764, 772, 35 L.Ed.2d 67 (1973) (citing

*Branzburg v. Haynes,* 408 U.S. 665, 701, 92 S.Ct. 2646, 2666, 33 L.Ed.2d 626 (1972).