**636**

Margaret T. WHITACRE, Plaintiff,

v.

James F. DAVEY,

and

Leeann Flynn, Defendants.

Civ. A. No. 87-2762.

United States District Court,
District of Columbia.

Aug. 30, 1988.

David H. Shapiro, Kator, Scott & Heller, Washington, D.C., for plaintiff.

Mark E. Nagle, U.S. Atty's. Office, Washington, D.C., for defendants.

MEMORANDUM OF LAW

SENTELLE, Circuit Judge, sitting by designation.

The Plaintiff, Margaret T. Whitacre, brought this action in October of 1987 against James F. Davey, the Clerk of the United States District Court for District of Columbia, and Lee Ann Flynn, the Administrative Assistant to the Chief Judge of the United States District Court for the District of Columbia and the Equal Employment Opportunity (EEO) Coordinator for the District Court under its discrimination complaints procedures. Ms. Whitacre alleged that in an August 1985 reorganization of the management of the Clerk's Office, Davey discriminated against her because of her age. In that reorganization Davey abolished the two Assistant Clerk

positions, one of which had previously been held by Plaintiff, and created a single Chief Deputy Clerk position. Ms. Whitacre applied for the vacancy as Chief Deputy Clerk. Nancy Mayer, previously the other Assistant Clerk and a younger person with a lower grade than Ms. Whitacre, was the successful applicant. Ms. Whitacre was left with a lower level, non-supervisory staff position; one, according to her complaint, "without real duties or any responsibilities."

Ms. Whitacre complained to Flynn in her capacity as EEO Coordinator and in the complaint asked Flynn to recuse herself from dealing with the complaint because of "defendant Flynn's close personal contact and well-known friendship with Nancy Mayer, the person who most benefited from defendant Davey's act of age discrimination against Plaintiff, and her long association with defendant Davey himself...." Flynn declined to recuse herself, conducted a "factfinding/investigation" without an evidentiary hearing requested by Whitacre, and ultimately found that Davey had not committed any act of age discrimination. Plaintiff appealed to Chief Judge Robinson who summarily affirmed Flynn's finding of no discrimination. Plaintiff then brought this action.

In February of 1988 the undersigned, sitting by designation as a Judge of the United States District Court, heard the matter on the motions of Flynn and Davey to dismiss the action pursuant to Rule 12(b)(6) because of Plaintiff's failure to state a claim upon which relief may be granted and because of the official immunity of both defendants. The court allowed Flynn's Motion to Dismiss but permitted Plaintiff to replead as to the Defendant Davey. Plaintiff's Amended Complaint is now before the court on a Motion for Reconsideration as to Defendant Flynn and Davey's renewed Motion to Dismiss the Amended Complaint. For the reasons set out below, the court denies Whitacre's Motion for Reconsideration as to the Complaint against Flynn and grants Davey's Motion for Dismissal, both by order filed contemporaneously herewith.

## I. The Claim Against Flynn

As the undersigned previously noted in open court at the hearing of the original Motions to Dismiss, the only complaint against Flynn, other than her failure to rule in Plaintiff's favor in her quasi-judicial capacity as EEO Coordinator, is that she failed to recuse herself. It would appear obvious that her failure to rule in Plaintiff's favor could not by itself support a constitutional tort action like the one pursued here, but if it could, certainly the same is insulated by Chief Judge Robinson's affirmance. In any event, it seems rather well established that disciplinary action, even including discharge, of federal employees though it be in alleged violation of constitutional right does not support a constitutional tort action like the one alleged here where there is an adequate alternative remedy. *Bush v. Lucas*, 462 U.S. 367, 378, 103 S.Ct. 2404, 2411, 76 L.Ed.2d 648 (1983). Here there is.

█ Thus, if Plaintiff has a *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), type constitutional tort action against Flynn, it must be on the basis that her failure to recuse constituted a violation of the due process rights of Plaintiff. As this court previously held, it did not. The Amended Complaint contains nothing that causes this court to reconsider the earlier decision. Plaintiff has shown this court no authority that a failure to recuse in an administrative proceeding or a quasi-judicial hearing has ever been the foundation for a *Bivens* action nor has the court independently found any. Even in cases of direct appeal, as opposed to constitutional tort, the Supreme Court has stated that "... only in the most extreme of cases would disqualification ... be constitutionally required ..." *Aetna Life Ins., Co. v. Lavoie*, 475 U.S. 813, 821, 106 S.Ct. 1580, 1585, 89 L.Ed.2d 823 (1986). General allegations of friendship between an administrative assistant functioning in a quasi-judicial capacity and a stranger to the administrative proceeding, who happened to be the beneficiary of the questioned act, simply does not create such an extreme

case, even if failure to recuse could otherwise be the basis of a *Bivens* –type action. Certainly it is not necessary to decide whether a failure to recuse ever could be the basis, although this court doubts it, but the present allegation is not that case, even if one does exist. Not only law but also common sense seems to underline this conclusion in the present case. The EEO plan obviously requires the function of someone in the agency. The existence of anyone within the agency who could not be said to have been associated with anybody in a claimed case appears so unlikely that recusal of all possible employees would seem a real possibility were Plaintiff's standards applied.

■ Finally, even if an action were otherwise stated, Flynn's dismissal motion was well taken in that her qualified immunity protects her in the present circumstances.[1] The Supreme Court has clearly held that

> government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1981).

Plaintiff argues that *Harlow* is distinguishable because, in plaintiff's view, the quasi-judicial function here is not "discretionary" and *Harlow* spoke to summary judgment proceedings rather than motion to dismiss. Neither of these distinctions makes any difference in this case. The nature of the quasi-judicial function, in this court's view, entitles defendant, if anything, to more rather than less immunity protection. Since *Harlow*, the Supreme Court has held

> [u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified im-

munity is entitled to dismissal before the commencement of discovery.

*Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). The right to recusal is not established in any clear body of prior law nor is the right to an evidentiary hearing. Plaintiff's proposed amendment to complaint, setting out that Flynn had granted evidentiary hearings in another case or cases and that some other EEO Coordinator had once recused do nothing to cure that lack of clarity and the court will deny the motion for reconsideration.

## II. The Claims Against Davey

■ It is important to note at the outset that plaintiff's purported claim against Davey arises as a constitutional tort similar to *Bivens* not under the federal government employment section of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633a, which covers most governmental agencies but does not apply to non-competitive positions in the Judicial Branch. Plaintiffs in *Bivens* –type actions seeking damages against government officials are held to

> "... a heightened pleading standard," ... wherein plaintiffs must, at the very least, specify the "clearly established" rights they allege to have been violated with "sufficient[ ] precis[ion] to put defendants on notice of the nature of the claim and enable them to prepare a response and, where appropriate, a summary judgment motion on qualified immunity grounds."

*Martin v. Malhoyt*, 830 F.2d 237, 254 (D.C. Cir.1987) (quoting *Smith v. Nixon*, 807 F.2d 197, 200 (D.C.Cir.1986) and *Hobson v. Wilson*, 737 F.2d 1, 29 (D.C.Cir.1984)).

It is also the law of this Circuit that this "heightened pleading standard" requires a determination that " 'plaintiff's complaint alleges concrete facts ... casting doubt on

---

**1.** Defendant Flynn contends that she is entitled to an absolute judicial immunity in this capacity. *Cf. Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir.1979). Plaintiff contests Flynn's entitlement to that absolute immunity. *Cf. Butz v. Economou*, 438 U.S. 478, 513–15, 98 S.Ct. 2894,

2914–15, 57 L.Ed.2d 895 (1978). In view of the court's holding, *infra,* that qualified immunity is sufficient to protect Defendant Flynn against this claim, the court will not reach the judicial immunity question.

the objective reasonableness' of the defendants' actions." *Martin v. Malhoyt*, 830 F.2d at 254 n. 40 (quoting *Smith v. Nixon*, 807 F.2d at 201). Plaintiff's original Complaint merely alleged bare conclusions that Defendant Davey acted with the requisite intent to discriminate against her on the basis of her age.[2] *Martin v. Malhoyt*, expressly applies the above mentioned "heightened pleading standard" to require constitutional tort plaintiffs to come forward with "nonconclusory allegations of evidence" to survive motions to dismiss. *Martin v. Malhoyt*, 830 F.2d at 237 (quoting *Hobson v. Wilson*, 737 F.2d at 29). This the original Complaint did not do and this court gave Plaintiff leave to amend.

Plaintiff's proffered Amended Complaint does not cure the defect. The new allegation adds only what Plaintiff apparently deems to be a statistical foundation for a pattern or practice of age discrimination. Those allegations stated in their entirety:

> [f]rom January 1981 until December 1985, [d]efendant Davey has made 20 appointments to professional positions, including supervisory positions, within the Clerk's Office. Of these, only three times did he select an individual age 50 or over, and twice, that individual was the Plaintiff, Ms. Whitacre. In all the remaining selections, the individuals were age 42 or under at the time of selection. The average age of these selectees at the time of selection was 35.3 years of age.

Amended Complaint ¶ 19. Assuming that circumstantial evidence, including statistical evidence of a pattern or practice, may be sufficient to establish discriminatory purpose or intent for the purpose of an equal protection claim in a *Bivens*–type action by a disadvantaged employee,[3] the current allegations are not sufficient. This is not a statutory claim. It is not enough to make out a prima facie case that Plaintiff is a member of the protected class; that she was qualified for the positions; that she was disadvantaged by Defendant's action; and that the person chosen was outside the protected class. *Compare Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This is a Fifth Amendment due process-equal protection claim and the Supreme Court has squarely rejected the use of the Title VII-type analysis employed in ADEA cases for this type of proceeding. *Washington v. Davis*, 426 U.S. at 239, 96 S.Ct. at 2047. Even if this were a statutory claim, statistical evidence of disparate impact is competent only where it accurately reflects the available pool of applicants. *See Hazelwood School District v. United States*, 433 U.S. 299, 311–13, 97 S.Ct. 2736, 2743–44, 53 L.Ed.2d 768 (1977). Plaintiff's amended complaint supplies us none of this. It may be that three selections is disproportionately small to the pool, disproportionately large, or approximately statistically perfect. Plaintiff does not say. The court does not know. There is no other allegation to meet the above-described heightened standard. Plaintiff's Complaint still fails. The Motion to Dismiss is allowed.

---

**2.** Discriminatory purpose or intent is an essential element of a constitutional tort action for discrimination in employment. *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).

**3.** *But see Washington v. Davis*, 426 U.S. at 239, 96 S.Ct. at 2047.