37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tony A. HADLEY, Plaintiff-Appellant,
v.
Mike G. FISHER, USPO; M.G. Cisneros, Detective, DPD,
Defendant-Appellees.
 No. 94-1165.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Tony A. Hadley filed this action pursuant to 42 U.S.C.1983 alleging that Michael G. Fischer, his former probation officer, and Detective M.G. Cisneros of the Denver Police Department violated his rights to due process and equal protection in connection with Mr. Hadley's arrest on a warrant for parole violations. The district court dismissed the action based on defendant's qualified immunity. We affirm.
 
 
 3
 On March 4, 1993, Detective Cisneros sought an arrest warrant for Mr. Hadley on charges of assault and harassment after interviewing the alleged victim of the attack. Because Mr. Hadley was a federal parolee at the time, Detective Cisneros notified Mr. Hadley's parole officer, Officer Fischer, of the charges. Officer Fischer then requested a warrant for parole violations, which the United States Parole Commission issued one day later. The Parole Commission subsequently revoked Mr. Hadley's parole due to parole violations which included the assault and harassment charges. Mr. Hadley then filed this action against Officer Fischer and Detective Cisneros, alleging that they had conspired to deprive him of his rights to due process and equal protection. The District Court, adopting the magistrate's recommendation, dismissed the suit upon finding that the defendants possessed qualified immunity.
 
 
 4
 Because the purpose of qualified immunity is to protect defendants from trial and not just from judgment, "[o]nce a defendant raises the defense of qualified immunity, the plaintiff bears the burden of establishing that the defendant has violated clearly established law." Hovater v. Robinson, 1 F.3d 1063, 1066 (10th Cir.1993) (emphasis added). If the defendant's action was one that "a reasonable [person] could have believed lawful," the defendant is entitled to dismissal. Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987); see also Mee v. Ortega, 967 F.2d 423, 430 (10th Cir.1992).
 
 
 5
 Mr. Hadley has not shown that Officer Fischer violated clearly established law by seeking a warrant for parole violations based upon the issuance of a valid arrest warrant. See Snell v. Tunnell, 920 F.2d 673, 692 n. 18 (10th Cir.1990) (noting that probation officer's "decisions involving the revocation of probation or parole" warrant qualified immunity); Griffin v. Leonard, 821 F.2d 1124, 1125-26 (5th Cir.1987) (probation officer who sought parole violation arrest warrant based on police report entitled to qualified immunity). Mr. Hadley has also failed to establish that Detective Cisneros violated clearly established law. Police officers requesting a warrant lose their immunity "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344-45 (1986) (citation omitted). Detective Cisneros talked to the alleged victim who described Mr. Hadley's assault and provided him with hair Mr. Hadley had pulled out of her head during the attack. A magistrate found probable cause to issue a warrant for Mr. Hadley's arrest. Detective Cisneros thus had a reasonable belief in the existence of probable cause and is entitled to qualified immunity.
 
 
 6
 Mr. Hadley's assertion that the district court failed to review de novo the magistrate's recommendation is frivolous. The district court specifically states in its order that it "has reviewed de novo all portions of the Magistrate Judge's Recommendation to which objections have been filed." Rec., vol. I, at 10.
 
 
 7
 We AFFIRM the decision of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470