Dear Mr. Rossitto:
This office is in receipt of your opinion request concerning the role, scope, and authority of a juvenile probation officer. The majority of your questions have been answered in recently released Attorney General Opinion 99-284, a copy of which we attach for your review and file; however, we restate and respond to each of your following questions:
 1. Do juvenile probation officers fall under the definition of "Peace Officer"; and
 2. What are the limits of their authority to make arrests, carry firearms and attend training by the Council on Peace Officer Standards and Training; and
 3. What is the recognition by the State in the event that an officer is injured or killed during the discharge of duties; and
 4. What are the immunities and defenses available to juvenile probation officers as Peace Officers in any suit brought against them in consequence of acts done in the course of their employment?
In response to your first question, note that this office determined in Opinion 99-284 that a juvenile probation officer is a "peace officer" for purposes of the mandatory P.O.S.T. certification requirements imposed by law. See R.S. 40:2402; R.S.40:2405; LSA-Ch.C. Art. 116; LSA-Ch.C. Art. 421; and LSA-C.Cr.P. Art.899(F).
In response to your second question, this office further determined in Opinion 99-365 that a juvenile probation officer is permitted to carry a concealed weapon while on-duty, but is not permitted to carry a concealed weapon during his off-duty hours. See R.S. 14:95(1) and R.S. 14:94(G).
In response to your third question, note that generally, a parish employee is covered by the Parochial Employees' Retirement System, R.S. 11:1901 et seq. An employee is defined by R.S.11:1902(12)(a), in part, as follows:
 (12)(a) "Employee" means any person who is employed as a permanent employee of a parish who works at least twenty-eight hours a week and whose compensation is paid wholly or partly by said parish, but excluding all persons employed by a parish or city school board, and all persons eligible for any other public retirement system in this state.
 "Disability" is defined by R.S. 11:1902(10) as:
 (10) "Disability" means a condition which in the determination of the board renders an employee permanently and totally disabled, by bodily injury or disease, from performing the duties and responsibilities of his position; provided, however, that such condition is not, directly or indirectly, the result of military service, engaging in a felonious criminal enterprise, habitual drunkenness or use of narcotics, intentionally self-inflicted injury, or declared war or enemy action.
Computation of disability benefits is made under the auspices of R.S. 11:1974; survivor benefits are provided for within the provisions of R.S. 11:1975. Eligibility for such benefits would appropriately be determined by the Board of Trustees of the Parochial Employees Retirement System on a case-by-case basis.
In response to your fourth question, note that LSA C.Cr.P.Art 899(F) deems probation officers to be "peace officers" entitled to "all immunities and defenses now or hereafter made available to sheriffs, constables, and police officers in any suit brought against them in consequences of acts done in the course of their employment".
Regarding the issue of immunity, the case of Lucas vs.Parish of Jefferson, 999 F. Supp. 839 (La. E.D. 1998), proves helpful, as the court stated:
 Two kinds of immunity exists for government officials absolute immunity and qualified immunity. Absolute immunity protects a person from being sued in connection with his duties altogether, regardless of the merit of the claim. Qualified immunity protects an official from liability unless the official violates "clearly established statutory or constitutional rights of which a reasonable person would have known."
 Most public officials are entitled to only qualified immunity. "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." Only in "exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business" will such immunity be afforded.
Lucas, supra, at page 841; (citations omitted).
Finally, in the case of Galvin vs. Garmon, 710 F.2d 214
(5th Cir. 1983), cert. denied, 104 S.Ct. 2150 (1984), the court held that a state probation officer who moves to revoke probation is protected only by qualified immunity.
The foregoing cited cases are attached for your further review.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams *Page 1