[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14487
Non-Argument Calendar

_____

D. C. Docket No. 07-60498-CV-WPD

ORUKOTAN ABIMBOLA,

Plaintiff-Appellant,

versus

BROWARD COUNTY,
OFFICER WAYNE HOLBROOK,
OFFICER WALTER LESSER,
OFFICER THOMAS PALMER,
SHERIFF KEN JENNE, in their official and
individual capacities, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2008)

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Orukotan Abimbola ("Abimbola"), proceeding *pro se*, appeals the district court's *sua sponte* dismissal with prejudice of his *pro se* amended complaint and its denial of a Rule 60(b) post-judgment motion for relief.[1] His complaint purports to allege, among other claims, violations of 42 U.S.C. § 1983 and Florida law.

Abimbola first argues that the district court erred in dismissing his amended complaint because it made erroneous findings that some of his claims were barred by the statute of limitations and absolute immunity for state judges. Second, he argues that the court abused its discretion in denying his motion to re-plead his amended complaint because: (1) the court's *sua sponte* dismissal failed to automatically give him an opportunity to re-plead; (2) he wanted to incorporate newly acquired state court transcripts into the complaint; and (3) he wanted clarification of the court's prior instructions regarding shotgun pleadings.

I.

We liberally read briefs filed *pro se*. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). However, even in the *pro se* setting, if an appellant fails to

---

[1] We note, initially, that we have jurisdiction over the dismissal of Abimbola's amended complaint and the denial of his Rule 60(b) motion because his notice of appeal was timely regarding these decisions and it adequately referenced them. Although he filed the notice of appeal over thirty days after entry of the order dismissing his amended complaint, the district court failed to set forth that order in a separate judgment, which extended the deadline for a timely notice. *See* Fed. R. Civ. P. 58(c)(2)(B).

brief or argue an issue on appeal, he abandons any challenge regarding the issue. *Spaulding v. Nielsen*, 599 F.2d 728, 730 (5th Cir. 1979).

The district court dismissed Abimbola's amended complaint primarily because he failed to follow the court's instructions on re-pleading, and his amended complaint constituted a shotgun pleading that did not comply with Fed. R. Civ. P. 8 – the same deficiencies from which his original complaint suffered. Abimbola fails to challenge this finding. Instead, he only argues that the district court should have clarified its meaning of "shotgun pleading" before he re-pleaded. He does not argue that the court's finding that his amended complaint was a shotgun pleading was insufficient to support dismissal of the amended complaint. Accordingly, we affirm the dismissal of the amended complaint.

II.

If a party's motion to vacate would be untimely under Rule 59(e) because it came more than ten days after the judgment, then we may construe it as a Rule 60(b) motion. *See Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996). We so construe Abimbola's post-judgment motion for relief in this case.

The district court has broad decision in ruling on a Rule 60(b) motion. *See Gonzalez v. Sec'y for the Dept. of Corr.*, 366 F.3d 1253, 1271 (11th Cir. 2004). "An appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the

propriety of the denial or grant of relief," and not issues regarding the underlying judgment. *American Bankers Ins. Co. of Fl. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

To the extent that Abimbola's arguments relate to the district court's underlying dismissal of his amended complaint, they are not proper grounds for review of a Rule 60(b) motion. "[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Id.* Rule 60(b) allows a party to seek relief from a final order based on several different reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b).

When a party alleges that it misunderstood a district court order as the basis for a Rule 60(b) motion, that motion is properly treated under Rule 60(b)(1) as alleging "mistake." *Transit Cas. Co. v. Security Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971). Abimbola's argument that the district court should have clarified its meaning of "shotgun pleading" before he re-pleaded is thus properly characterized as a "mistake" under Rule 60(b). The district court, however, did not abuse its discretion in denying Abimbola's Rule 60(b) argument regarding a mistake in pleading. It granted him

4

"substantial leeway in re-pleading," and he "failed to comply with the various deadlines and instructions" of the court. (R.1-12 at 3.)

In his Rule 60(b) motion, Abimbola claims to have obtained "official court transcripts from the state court proceedings, and documents from the Broward Sheriff's Office that can further support the amended complaint . . . ." (R.1-11 at 3.) A party alleging newly discovered evidence as a basis for a Rule 60(b) motion must demonstrate that (1) the evidence is newly discovered since the district court's decision; (2) he exercised due diligence to discover the evidence; (3) the evidence is not cumulative or impeaching; (4) the evidence is material; and (5) the evidence would produce a new result. *Willard v. Fairfield Southern Co., Inc.*, 472 F.3d 817, 824 (11th Cir. 2006). Even assuming, arguendo, that these documents were newly discovered, non-cumulative, and material, Abimbola failed to demonstrate that their existence would have produced a new result. *See id.* Because the district court's dismissal did not relate to his failure to include specifics from the state court transcripts in the complaint, it is unlikely that their inclusion would have affected the court's underlying decision. The district court accordingly did not abuse its discretion in denying Abimbola's Rule 60(b) argument regarding newly discovered evidence.

AFFIRMED.